OPINION OP THE COURT.
This was a writ of certiorari, to reverse the proceedings of the county court of Wilkinson county, vacating part of a public road in that county.
The first exception taken, is, that the county court vacated the road in. question, without the intervention of a jury.
*68 ' The second exception, that the proceedings of the court were ex parte, and that no notice was given to the parties interested therein.
As the proceedings were intended to be based upon the directions of the statute respecting public roads and highways, we must look to that statute, to ascertain whether the exceptions are well founded. The first section of this statute provides, that the courts of the several counties, shall order the laying out of public roads, and appoint where bridges should be made, and to discontinue such roads as now are, or shall thereafter be made, as shall be found useless, and to alter roads so as to make them more useful, as often as occasion may require. The second section provides, tliát all roads thereafter. laid out, shall be laid out by a jury of seven freeholders. The 8th section declares, that no person shall turn, alter, or change, any public road, unless it is by order of the court, founded upon the report of jury, appointed and sworn as in the case of laying out of roads.
Here we find it is necessary, that there should be a jury to lay out, turn, change, or alter a road, but not to discontinue a road, unless it be embraced by the words, turn, change, or alter, which do not seem to us to comprehend the case of a mere discontinuance of a road. But it is contended, that the discontinuance of a road, comes within the spirit and reason of the provision for laying out, turning, changing, or altering a road. We consider them as standing on different grounds. In laying out a road, it becomes necessary that the ground should be particularly designated, and marked in its whole route, from its commencement to its termination, so as to inflict the least injury upon the owners of the land, compatible with the public advantage. This land, being the private property of individual proprietors, cannot be taken and applied to public use, without compensation to the owners of the soil which is to be occupied as a road, and the damages sustained by them must be assessed. This cannot be done, with any degree of certainty, without going actually upon the ground; but in the mere discontinuance of a public road, this is not necessary. The only enquiry then is, whether the road has ceased to be of public benefit, or not. That can be ascertained, as well by testimony addressed to the court, as by a view.
With respect to the notice, which it has been contended ought to have *69 given, before the road was vacated, perhaps justice might require, inlaying out, turning, changing, or altering a road, that the persons, whose land was about to betaken for public use, should have previous notice, and a full and fair opportunity of establishing the extent of the damages, which they might sustain. This is a right guaranteed to them by the constitution, and of which no law can deprive them. Butin vacating, and doing away a road, there is no one interested but the public; no one is to be deprived of his property, but the party to whom the soil belongs, is to be restored to the use of it, although he may have previously received a compensation therefor. An individual proprietor of the soil, about to be taken and applied to public use, might perhaps require, that the just compensation, to which he is entitled by the constitution, should first be ascertained, on full notice, by the verdict of a jury of his country, but surely no jury, or notice, could be requisite, to restore to him the use of his property. The county courts, as regards the public roads, are made the guardians of the public interest, without whose order no new road can be established, or old road, discontinued, turned, changed, altered or vacated. In the discontinuance of public roads, their controul is absolute, no notice or jury are required. The exceptions therefore are not sustained.